[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the Judicial District of Danbury. Many of the facts that give rise to this action are not in dispute. The plaintiff, whose maiden name is Phyllis Burns, and the defendant, were married on February 14, 1987 in Danbury, Connecticut. The plaintiff has resided continuously in the State of Connecticut for at least one year immediately prior to the date the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. There are two minor children issue of this marriage — Nicole Elise Athans, born March 2, 1989 and Brian David Athans, born August 13, 1990. No other minor children have been born to the plaintiff wife since the date of marriage of the parties. Neither party has received state assistance. CT Page 3801
The plaintiff graduated high school in 1980. She has completed approximately one and a half years of college courses. She does not have a college degree. In 1989, she was employed for approximately a five month period at an annual salary of $25,000. Following the birth of the parties' son, she did not work for one year. She then took a nurses course. She was then employed full-time at a restaurant as a bookkeeper from March of 1994 to December 17, 1997. In 1997, her gross annual income as a bookkeeper was $26,148.98. Her prior employment also included an approximate six month period working for an engineering firm as a bookkeeper at an annual salary of approximately $30,000. While she has moved out of state, she has continued to help the restaurant that she had previously been employed at to close out its 1997 books.
The plaintiff commenced her present employment as an accounting clerk with OBA Midwest Ltd. on February 16, 1998. Her gross weekly income is $673 and her net weekly income is $498 after deducting for social security, medicare, federal income tax, state income tax and medical insurance.
The plaintiff's financial affidavit shows deductions for federal income tax of $84.49 weekly. The initial child support guideline worksheet submitted by the plaintiff shows that for three exemptions her federal income tax would be $84.49 weekly. In fact, that would be the amount of her income tax for two exemptions and not three. The amount of her federal income tax for three exemptions would be $68.00.
The plaintiff has to pay for child care for 7:30 a.m. to 8:45 a.m. and 3:30 p. m. to 4 or 4:30 p. m. She pays $75 weekly. In addition, when the children are not in school, she pays $50 daily. The $104.56 for day care shown on her financial affidavit includes the time the children do not attend school as well as their summer vacation and is an annual average.
The plaintiff's financial affidavit, dated February 9, 1998, shows a 1987 Chevrolet pickup truck. The fair market value of that vehicle is $5000. The title was in the plaintiff's name only since 1993 or 1994. The plaintiff also owns a 1987 Pontiac with a fair market value of $1300 and no loan balance.
The plaintiff has life insurance in the amount of $50,000 with Massachusetts Mutual with a cash surrender value of $450. She also has a $150,000 term insurance with Massachusetts Mutual. Her sister CT Page 3802 and brother-in-law are the beneficiaries of the $150,000 term insurance. They are also the beneficiaries of her $50,000 whole life policy. The plaintiff pays $14.75 weekly for life insurance.
The defendant has graduated high school. He also attended a eight week program at the University of Massachusetts. When the parties married, he was a self-employed carpenter. He did finish carpentry work for a period of four to five years after the parties married. He was self-employed until September of 1997.
The defendant suffers from hypertension and diabetes and a thyroid disorder and a large prostate. The defendant's financial affidavit shows a liability of $17,500 to his mother Frieda Athans. He pays her $50 weekly to be applied to that liability. The $50 weekly shown as rent in fact is not being paid as rent, and he is not paying his mother any rent for living at her home. His financial affidavit in Schedule A lists a number of liabilities to various suppliers including Diamond Electric Supply, A.J. Masi Electric, American Tile, J. Patton, and Cioffoletti Construction. Those liabilities were incurred as a result of not being paid for a construction job that he did in 1996. He has a liability to J. Patton with a balance of $7000. Patton was the landlord of the parties in 1995 and 1996. The plaintiff might also be responsible for that debt. He has a liability to Northeast Utilities of $119 for an electric bill that was incurred while the parties resided together.
The defendant has term life insurance in the face amount of $250,000. The plaintiff is presently the beneficiary of that policy.
The defendant is presently employed as a golf course worker. His gross weekly income is $360. He also does side carpenter jobs averaging a gross of $100 weekly. The $360 weekly that the defendant earns is at the rate of $9 per hour for a forty hour week. In addition, he's guaranteed four hours overtime weekly between April and November of each year. Therefore, his combined weekly gross income, including overtime, is $524, and his net weekly income is $409.
The defendant has carpenter tools, guns, computer, stereo and Christmas property with a total value of $5950. The item under the category of Christmas consists of some Lenox crystal. Although not shown on his financial affidavit, the defendant also owns a 1979 Oldsmobile with a fair market value of $300. CT Page 3803
The plaintiff decided to move to Illinois in approximately September of 1997 after reconciliation attempts with the defendant failed. It was the defendant who suggested that she move to Illinois where she has a sister. The attempted reconciliation was between April, 1997, and September, 1997.
The plaintiff and the two children are presently covered by the defendant's health insurance through his place of employment. The cost for that coverage presently is $10 weekly for the plaintiff and the two minor children. There is a $400 deductible for each person, then the plan then pays 80 percent of covered expenses. It will cost the plaintiff $80 monthly to be covered under her own health insurance plus $166 per month for the two minor children. Her plan has a $500 deductible per person per year. She intends to cover herself under her own health insurance plan. That coverage will be available commencing sixty days from when she started her employment or on or about April 16, 1998.
For the period of January 5, 1997 to April 27, 1997, the total amount due under the pendente lite support order of $165 weekly was $2805. The total amount he paid during this period was $1412, leaving a balance due of $1393. For the period of October 5, 1997, through February 8, 1998, the total amount due was $2070. He paid a total of $700, leaving an arrearage for that period of time of $1370, which when added to the $1393 arrearage totals $2763.
Between the period of April 28, 1997 and December 20, 1997, the plaintiff resided at the defendant's mother's residence while the parties were attempting reconciliation. The court is giving to the defendant credit of $763 for having provided to the plaintiff rent free residence between the period of April 28, 1997 and December 20, 1997, which the court considers to be in the nature of support. As a result of that credit, the arrearage is reduced to $2000.
The defendant also owes the plaintiff $46 regarding insurance on the 1987 pickup truck. The pickup truck has always been the defendant's principal source of transportation. He has also used it to do carpenter jobs that he does on the side.
The court has considered the provision of § 46b-82
regarding the issue of alimony, and has considered the provision of § 46b-81 (c) regarding the issues of property division, CT Page 3804 and has considered the provisions of §§ 46b-56 and 46b-56a
regarding the issues of custody, joint custody and visitation, and has considered the provision of § 46b-84 in the child support guidelines regarding the issue of support, and has considered the provision of § 46b-62 regarding the issue of attorney's fees. The court enters the following orders:
A. BY WAY OF DISSOLUTION
1. The marriage between the parties is dissolved and each party is declared to be single and unmarried.
B. BY WAY OF CUSTODY AND VISITATION
1. The parties shall have joint custody of the minor children whose primary residence shall be with the plaintiff wife.
2. The defendant is awarded reasonable, liberal and flexible rights of visitation.
C. BY WAY OF SUPPORT
1. The court orders that the defendant pay to the plaintiff by way of support the sum of $130 weekly by immediate wage execution. Under the child support guidelines, the amount that the defendant should pay to the plaintiff is $146 weekly. The amount ordered for support is within 15 percent of the guideline amount and is therefore substantially in accordance with the guidelines. The reason for reducing the weekly support from $146 weekly to $130 weekly is due to additional transportation expenses that the defendant will have in exercising visitation with the children in Illinois.
2. The defendant is responsible for providing for health insurance of the minor children. All unreimbursed medical, dental, optical, psychological, orthodontic and prescriptive drug costs are to be shared equally between the parties.
3. The defendant shall have the right to claim the youngest child as an exemption for federal and state income tax purposes for each year in which he is current in his support payments as of December 31 of such year. The plaintiff is to execute whatever documents are necessary by the I.R.S. and/or appropriate state government in order for the defendant to have the right to claim such exemption. When the older child reaches age eighteen, the CT Page 3805 parties are to alternate the deduction annually for the younger child.
4. The payment of the arrearage in the amount of $2000 is to be paid at the rate of $25 per week by immediate wage execution.
D. BY WAY OF ALIMONY
1. No periodic or lump sum of alimony is awarded in favor of either party.
2. The defendant is to make available for the plaintiff, by way of alimony, COBRA benefits until April 20, 1998. The cost of such coverage is to be paid equally between the parties. Any unreimbursed health expenses for the plaintiff are the sole responsibility of the plaintiff.
E. BY WAY OF PROPERTY ORDERS
1. All liabilities shown on the plaintiff's financial affidavit are to be paid by the plaintiff and she is to hold the defendant harmless therefrom.
2. All liabilities shown on the defendant's financial affidavit are to be paid by the defendant and he is to hold the plaintiff harmless therefrom.
3. The 1987 Pontiac shown on the plaintiff's financial affidavit with a fair market value of $1300 and no loan balance is awarded to the plaintiff.
4. The 1987 Chevrolet with a fair market value of $5000, as well as the 1987 Oldsmobile, are awarded to the defendant. The plaintiff is to execute and deliver whatever documents are necessary to transfer title into his name by April 20, 1998. All municipal and state taxes incurred as a result of such transfer are to be paid by the defendant.
5. All household furniture and jewelry in the possession of the plaintiff are awarded to the plaintiff which includes the $2500 in household furnishings in her possession and approximately $1000 in jewelry in her possession.
6. The bank account shown on the plaintiff's financial affidavit totaling $804.31 is awarded to the plaintiff. CT Page 3806
7. The cash surrender value on the plaintiff's life insurance policy in the amount of $450 is awarded to the plaintiff.
8. The "other personal property" shown on the defendant's financial affidavit with a total value of $5950 is awarded to the defendant.
9. The defendant is ordered to pay to the plaintiff the sum of $2500 by way of lump sum property settlement to be paid at the rate of $100 per month commencing May 1, 1998, and on the first day of each month thereafter. No interest is due on the unpaid balance provided the payments are made timely.
10. The defendant is ordered to maintain $50,000 of his existing life insurance for the benefit of the minor children for so long as he has an obligation to pay support. The obligation to maintain the life insurance for the oldest child terminates when such child reaches age eighteen, and the $50,000 policy is then to be maintained for the sole benefit of the youngest child until that child reaches age eighteen.
11. All household furniture and furnishings in the possession of the plaintiff are awarded to the plaintiff, and all household furnishings and furniture in the possession are awarded to the defendant.
F. BY WAY OF ATTORNEY'S FEES
1. No attorney's fees are awarded in favor of either party.
G. MISCELLANEOUS ORDERS
1. The parties are to exchange copies of their federal and state income tax returns within thirty days after such returns have been filed by certified mail, return receipt, or registered mail, return receipt, for so long as there is an outstanding support order or any arrearage relating thereto.
2. Counsel for the plaintiff is to prepare the judgment file within thirty days and send it to counsel for the defendant for signature and filing.
Axelrod, J. CT Page 3807